IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY JACKSON AND MICHAEL JOHNSON, | § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-2917 |
| BILL PIERCE, | § § | |
| *Defendant*. | § § | |

## ORDER

Johnny Jackson and Michael Johnson, state inmates housed at the Stringfellow Unit of the Texas Department of Criminal Justice ("TDCJ") and proceeding *pro se*, jointly filed this civil lawsuit seeking a contempt order, a temporary restraining order, and a preliminary injunction for enforcement of the 1977 class action Consent Decree in *Brown v. Beto*, C.A. No. 4:74–CV–069 (S.D. Tex. 1977).[1]

---

[1] As recently stated in *Scott v. Pierce*, 2011 WL 445630, *3 (S.D. Tex. 2011), "Court records reflect that the civil action was filed by Bobby R. Brown against former Director of the Texas Department of Corrections, Dr. George J. Beto, and other officials, on January 24, 1969. *See Brown v. Beto*, Civil Action No. H-69-74 (S.D. Tex.) (Docket No. 1). Records on file with the Clerk's Office reflect that this case, which concerned the right to worship by Islamic or Muslim prisoners within TDC, was eventually consolidated with several others and certified as a class action (Docket No. 35), including 'all past, present and future inmates at the Texas Department of Corrections who profess to adhere to the principles of the Religion of Islam (Islamic, Muslim or Moslem).' The complaint in *Brown v. Beto*, Civil Action No. H-69-74, was severed from the class on July 18, 1977, after the parties reached a settlement. Pursuant to the terms of a settlement agreement, the Honorable Robert J. O'Conor entered a consent decree on July 20, 1977. (Docket No. 53). That consent decree, which was intended to permit Islamic religious practices 'under substantially the same conditions as are afforded to and enjoyed by adherents to Catholic, Jewish and Protestant faiths incarcerated within [TDC],' continues in effect."

Plaintiffs seek a temporary restraining order and preliminary injunction regarding a broken dishwasher, lack of a separate Islamic kitchen facility, dissatisfaction with religious leaders, facial hair grooming policies, "travel cards," duration of religious services, the non-ritual slaughter of food animals, unsatisfactory pork-substitute food products, funerals and autopsies of deceased Islamic inmates, and lack of a religious "Night of Power" observance. (Docket Entry No. 24.) Their motion relies on numerous, unnecessary, and lengthy quotations from and citations to various religious tracts and gratuitous statements of plaintiffs' personal religious tenets. The fact that actions taken or not taken by defendant may violate religious writings or plaintiffs' religious beliefs, does not constitute a breach of the Consent Decree. Further, the motion fails to comply with Rule 8(a), Federal Rules of Civil Procedure, requiring that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d), requiring that "Each allegation must be simple, concise, and direct."

Regardless, the motion (Docket Entry No. 24) lacks merit and is DENIED. To obtain a preliminary injunction, a plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunctive order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunctive order would inflict on non-movant; and (4) the injunctive order would serve the public interest. *Women's Medical Center v. Bell*, 248 F.3d 411, 418–420 (5th Cir. 2001). The Court has carefully reviewed plaintiffs' pleadings, defendant's response, the exhibits, and the Consent Decree in *Brown*, and finds that plaintiffs fail to meet their burden of proof as to any of

2

these requirements. In particular, plaintiffs fail to establish a violation of any specific provision ordering or prohibiting a particular act, or that irreparable injury will result if a preliminary injunction is not issued. Plaintiffs' request for a temporary restraining order is DENIED for essentially these same reasons. *See Sierra Club v. City of San Antonio*, 112 F.3d 789, 793 (5th Cir. 1997).

Plaintiffs' motion for an order of contempt (Docket Entry No. 1) is also DENIED. A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order. *See Martin v. Trinity Industries, Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). The Court's review of plaintiffs' sixty-six page complaint (Docket Entry No. 1) and defendant's response (Docket Entry No. 18) shows that the numerous complaints raised by plaintiffs regarding the Stringfellow Unit Chaplaincy Department are not acts or prohibitions specifically ordered or prohibited by the Consent Decree. For instance, the Consent Decree contains no specific provisions enforceable by contempt regarding a dishwasher, a separate kitchen facility for Islamic offenders, religious observation of "The Night of Power," facial hair and beards. or funerals and autopsies.

The Court further finds that, to the extent the Consent Decree requires prison officials to make a bona fide effort to designate on menus those foods containing pork or serve at least one meal every seventy-two hours that contains no pork, plaintiffs' factual allegations raise no breach of this provision. The fact that plaintiffs are dissatisfied with

3

the quality, quantity, or variety of the available non-pork food products, does not constitute a breach of the Consent Decree enforceable by contempt. The Court further finds that, to the extent the Consent Decree requires prison officials to provide Islamic chaplains, plaintiffs' complaints as to the quality, background, or theological viewpoints of those chaplains raise no breach of the provision. Moreover, as shown by defendant, TDCJ currently employs five full-time regional Islamic chaplains, and Islamic offenders at the Stringfellow Unit receive six hours of classes and services each week. The Consent Decree requires that Islamic offenders be provided only two hours per week for religious services and activities. Plaintiffs' factual allegations do not establish a breach of the Consent Decree enforceable by contempt as to these provisions.

Nor do plaintiffs raise a breach of the Consent Decree enforceable by contempt as to the unit's use of "travel cards." Pursuant to the Consent Decree,

> [T]he Warden of any Unit, with the approval of the Director, may utilize a card or pass system to control movements to and from various portions of the unit for the purpose of attending religious services. Under such systems, unit officials may require that an inmate who wishes to attend a particular religious service or activity, including Islamic services, obtain a card or pass from designated personnel authorizing attendance at such activity. The issuance of such cards will not require an affirmative designation of such religion as the inmate's professed faith.

(Consent Decree, Paragraph 16.) Plaintiffs allege that they are required to obtain a travel card reflecting their religion of choice, and that they are provided a lay-in pass which allows the offender admission into religious services and events. However, it is this lay-in pass, not the "travel card," that allows offenders admission into religious activities.

4

The lay-in pass exhibits submitted by plaintiffs reflect the purpose and duration of the lay-in pass, but not the offender's designated religion of choice. Plaintiffs do not assert that they must designate a religion of choice in order to receive a lay-in pass. Plaintiffs's factual allegations do not evince a breach of the Consent Decree enforceable by contempt.

Plaintiffs' motion for leave to file an amended complaint to add claims for violations of RLUIPA, federal constitutional violations, and state statutory violations (Docket Entry No. 22) is DENIED. Plaintiffs have expressly stated, even after filing their motion for leave to amend, that this lawsuit is brought for the purpose of enforcing the Consent Decree, and that it is not a section 1983 lawsuit. (Docket Entries No. 26; No. 24, p. 21.) Plaintiffs' proposed ancillary claims must be pursued in a separate lawsuit, as they are independent of this pending lawsuit for equitable enforcement of the Consent Decree and would not all constitute claims against Bill Pierce. The motion is FURTHER DENIED for plaintiffs' failure to attach a proposed amended complaint for the Court's consideration.

In accordance with these rulings, plaintiffs' motion for production of documents (Docket Entry No. 23), defendant's motion for a protective order as to discovery (Docket Entry No. 21), and plaintiffs' motion for class action certification (Docket Entry No. 1) are DENIED AS MOOT.

Therefore, the Court ORDERS the following:

1. Plaintiffs' request for class action certification (Docket Entry No. 1) is DENIED AS MOOT.

2. Plaintiffs' motion for an order of contempt (Docket Entry No. 1) is DENIED.

3. Defendant's motion for a protective order (Docket Entry No. 21) is DENIED AS MOOT.

4. Plaintiffs' motion for leave to amend (Docket Entry No. 22) is DENIED.

5. Plaintiffs' motion for production of documents (Docket Entry No. 23) is DENIED AS MOOT.

6. Plaintiffs' motion for a temporary restraining order and preliminary injunction (Docket Entry No. 24) is DENIED.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas on November 4, 2011.

_____
Gray H. Miller
United States District Judge